```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOCAL 338, RWDSU,                         *
                                          *
                                          *
                                          *
                        Plaintiff,        *
                                          *
        - against -                       *
                                          *
                                          *
FOODTOWN/PSK SUPERMARKETS, INC.           *
                                          *
                        Defendant.        *
------------------------------------------------------------X
```

## COMPLAINT

Plaintiff Local 338, RWDSU ("Local 338"), by its attorneys, Friedman & Wolf, alleges the following as and for its complaint:

## JURISDICTION

1. This is an action brought under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to enforce a labor arbitration award, made pursuant to a collective bargaining agreement entered into between Local 338 and Defendant Foodtown/PSK Supermarkets, Inc. ("PSK"). Subject matter jurisdiction is invoked pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

## VENUE

2. This court is one of proper venue pursuant to LMRA §§ 301(a), (c), 29 U.S.C. §§ 185(a), (c), because the duly authorized officers and agents of Plaintiff are engaged in representing or acting for employee members in this District. Defendant also has its principal place of business in this District.

## PARTIES

3.     Local 338 is a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).  Local 338 represents, for the purposes of collective bargaining, persons employed, inter alia, in the retail supermarket, dairy and health care industries in New York and New Jersey.  Local 338's principal office is located at 97-45 Queens Boulevard, Rego Park, New York.

4.     PSK employs employees represented by Local 338 in the retail supermarket industry, which is an industry affecting commerce, and is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C.A. § 185(a).  PSK's principal office is located at 444 South Fulton Avenue, Mount Vernon, New York 10553.

## PSK'S FAILURE TO COMPLY WITH THE COLLECTIVE BARGAINING AGREEMENT

5.     For all material times herein, PSK has been bound by a series of collective bargaining agreements between Local 338 and PSK, the most recent of which has been effective from August 8, 2002 (the "Agreement").

6.     Article XX(C) of the Agreement provides for final and binding arbitration as the means for resolving disputes between the parties.

7.     Article XX(C) permits either party to resort to the courts to enforce an arbitration award.

8.     Article XXXII of the Agreement states that "[t]he Employer shall, at its own cost and expense, furnish and launder the customary store coats, aprons, gowns and all apparel required by the Employer to be worn by any employee, or any other tools or equipment required by the [E]mployer and also service such tools and equipment by knowledgeable

professionals, at no cost to the employee."

9. In accordance with the Agreement, on or about May 8, 2006, Local 338 submitted to arbitration, inter alia, the issue of whether PSK's practice of requiring employees to submit a "security deposit" for the uniform they are required to wear to work was a violation of Article XXXII of the Agreement, and, if so, what the remedy should be.

10. On October 18, 2006, Arbitrator Bonnie Siber Weinstock of the Federal Mediation and Conciliation Service heard Local 338's grievance.

11. On November 22, 2006, Arbitrator Weinstock issued her decision (the "Award").

12. The Award granted Local 338's grievance, with respect to PSK's violation of Article XXXII of the Agreement by requiring employees to pay "security deposits" for their uniforms, and directed PSK to "cease and desist from violating Article XXXII by collecting a security deposit from employees for their uniforms."

13. The Award also directed that "the $20 security deposit collected by the Employer shall be returned to all employees currently on the payroll from whom the deposit was collected" and required PSK to "give an accounting to the Union so that the Union may verify compliance with this Award."

14. Pursuant to the Award, on December 8, 2006, Local 338 sent PSK a written demand for an accounting of the security deposits collected within ten (10) days and reimbursement to all employees of the uniform charge within thirty (30) days.

15. PSK has failed and refused to comply with the Award. In particular, PSK has refused to provide Local 338 with the accounting as required by the Award, and Local 338 cannot verify whether PSK has returned the security deposits as ordered by the Arbitrator.

16. PSK's failure to comply with the Agreement has damaged Local 338 by, <u>inter alia</u>, depriving its members of the uniform charges improperly assessed by PSK in violation of the Agreement and depriving Local 338 of the accounting it requires to ensure compliance with the Award.

17. Arbitrator Weinstock's Award draws its essence from the Agreement between the parties, and the Arbitrator acted within her authority in fashioning the Award.

WHEREFORE, Local 338 requests entry of Judgment against PSK, as follows:

1. Confirming and enforcing the Award of Arbitrator Bonnie Siber Weinstock, dated November 22, 2006;

2. Awarding Local 338, on behalf of its members, any and all damages caused by PSK's failure to comply with the Award;

3. Granting Local 338 the attorneys' fees and costs it has incurred, and will incur, in connection with this action; and

4. Awarding Local 338 such other and further equitable relief as this Court deems just and proper.

Dated: March 13, 2007
       New York, New York

FRIEDMAN & WOLF

By: _____/s/_____
Anusha Rasalingam, Esq. (AR-1732)

1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500

Attorneys for Plaintiff